In re **VICTOR FOODS, INC.,** Debtor.

**LANDMARK BANK OF ST. CHARLES,** Movant,

v.

**VICTOR FOODS, INC.** and Robert J. **Blackwell,** Trustee, Respondents.

Bankruptcy No. 89–00386–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

Aug. 3, 1989.

Robert J. Blackwell, Clayton, Mo., trustee.

Mark A. Bertsch, Clayton, Mo., for Interim Trustee.

Peter Kerth, David T. Hamilton, Steven J. Poplawski, Francis X. Buckley, Jr., St. Louis, Mo., for movant.

Canice Timothy Rice, Jr., St. Louis, Mo., for debtor.

Jan Bond, St. Louis, Mo., for United Food and Commercial Workers Union Local 655.

Norman W. Pressman, St. Louis, Mo., for Crown Packaging Corp.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo., for U.S.

Robert Mass, St. Louis, Mo., for Original Petitioning Creditors.

John H. Goffstein, St. Louis, Mo., for Union Welfare Fund.

## ORDER

JAMES J. BARTA, Chief Judge.

The trial of this matter was commenced on July 31, 1989. After consideration of the record as a whole, the Court announced its findings and conclusions and orders from the bench.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The Debtor is the lessee of certain commercial property which is owned by Crossroads Economic Development Corporation ("Crossroads").

The Movant is the holder of a note from Crossroads which is secured by a deed of trust on the commercial property. The Debtor has not claimed an ownership interest in the property. The record here has established that the Debtor is in default of its lease payments to Crossroads, and that Crossroads is in default of its note payments to this Movant. Therefore, the estate interest in this property is the Debtor's interest in an unexpired lease of commercial property which includes a purchase option. At the commencement of this case, the Debtor also claimed a possessory interest in the property.

Notwithstanding the absence of a debtor/creditor relationship between this Debtor and this Movant, the automatic stay has operated to protect the Debtor's possessory interest in real property by virtue of the Debtor's actual possession, and by virtue of the Debtor's claim of a right to possession through the unexpired lease.

The record reflects that since on or about February 27, 1989, the Debtor has not operated a business from the commercial property which is the subject of this proceeding.

The Movant's evidence has established that this real property is subject to at least three liens which secure loan balances totaling approximately $386,000.00. The Movant claims to hold a first position lien which secures a note balance of approximately $136,750.00. Junior liens are held by the United States Small Business Administration and the United States Internal Revenue Service.

The Debtor offered no direct testimony with respect to the value of the unexpired lease or with respect to the value of the commercial property itself. The Movant's appraisal witness testified that he has worked as a real estate appraiser for approximately seven years. During the last two years, he has appraised approximately fifty commercial buildings. Although a request to qualify him as an expert witness was not presented, his testimony was credible and his opinion of value was supported by acceptable comparable sales and by a physical inspection of the exterior of the subject property.

For purposes of this motion for relief from the automatic stay and in the circumstances presented in this matter, the Court has determined that the fair market value of the commercial property which is the subject of this proceeding is $300,000.00.

Therefore, the Debtor enjoys no equity in the value of the commercial property which is leased by the Debtor.

The Debtor's lease agreement with the Movant was entered into on July 13, 1978, and is to end on November 1, 1998. At the expiration of the lease, the Lessee (Debtor) shall have an option to purchase the land and improvements at a cost of $1.00. Other provisions permit the Lessee to purchase the land and improvements at any time during the tenure of the lease by paying to the Lessor the current and then unpaid principal amount of an original indebtedness in the amount of $341,250.00, which after adjustment for past payments made, would appear to be an amount which would satisfy the Lessor's obligation to the Movant. The Lessor would then be required to convey and deliver the premises free and clear of liens and encumbrances. At this hearing, the Debtor offered no testimony which suggested an intention or an ability to exercise the purchase option under the lease. Counsel for the Operating Trustee offered no testimony with respect to the value of the lease.

Therefore, the record has established that the Debtor enjoys no equity in the leasehold, and the lease is of no value to this estate.

The Debtor filed a proposed plan and disclosure statement on July 19, 1989. No testimony was presented at this hearing in support of the proposed plan. A review of the plan and disclosure statement indicates that the plan is based upon several contingencies, including the Debtor's reference to a cash infusion in the amount of $50,000.00 which is to be caused by the Debtor's President. However, the disclosure statement indicates that the Debtor's President is under no legal obligation to loan the money to the Debtor. The plan is also based upon the Debtor's assumption of certain executory contracts and unexpired leases, but does not set forth the source of funds necessary to cure the defaults in connection with these agreements. Furthermore, the plan envisions the reinstatement of the Debtor's corporate charter at confirmation, and the pursuit of "business opportunities which are somewhat different from its prior businesses", but "for which the Debtor is ideally equipped and situated." *Debtor's Proposed Disclosure Statement*, filed July 19, 1989, page 15.

The Debtor has not established in this record at this time that there is a reasonable possibility that a plan of reorganization will be confirmed within a reasonable period of time.

Therefore, neither this real property nor the Debtor's interest in the unexpired lease are necessary to an effective reorganization.

Other than the proposed plan, the Debtor has not suggested any other form of adequate protection of the Movant's interest in the real property. Therefore, cause having been shown,

IT IS ORDERED that this hearing be concluded; and that the Movant's request for relief from the automatic stay to permit foreclosure of its interests in certain real property as described in this proceeding is granted; and that for such purposes, the automatic stay is terminated.

Upon a further review of the pleadings and the record in this matter prior to preparation of these written Orders, the Court has further determined that Crossroads, the non-debtor party to the unexpired lease, was not a party to this motion for relief from the automatic stay. A review of the record further discloses that the unexpired lease between the Debtor and Crossroads has not been assumed or rejected. Therefore,

IT IS FURTHER ORDERED that to the extent that this Motion includes a request to abandon the estate interest in the unexpired lease with Crossroads, said request is denied.